**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4951**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

JUWANA ANQUANETTE BATES, a/k/a Jawana Anquanvette Bates,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:08-cr-00231-TDS-1)

———————

Submitted:  May 18, 2010          Decided:  June 18, 2010

———————

Before KING, DUNCAN, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Milton B. Shoaf, Jr., Salisbury, North Carolina, for Appellant.
Lisa Blue Boggs, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juwana Anquanette Bates pleaded guilty to possession of cocaine base ("crack") with intent to distribute, in violation of 21 U.S.C.A. § 841(a), (b)(1)(B) (2006 & West Supp. 2009). The district court sentenced Bates to sixty months of imprisonment and Bates now appeals. Her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that there are no meritorious issues for appeal. Bates was informed of her right to file a pro se supplemental brief but did not do so. Finding no error, we affirm.

Counsel questions whether Bates is entitled to receive a lesser sentence based on the disparity between the punishments for cocaine offenses and crack offenses. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 552 U.S. at 51. The

2

court then "'consider[s] the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 129 S. Ct. 476 (2008). If the sentence is within the guidelines range, we apply a presumption of reasonableness. Rita v. United States, 551 U.S. 338, 346-59 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

We have reviewed the entire record and conclude that the sentence is both procedurally and substantively reasonable. The district court properly calculated the guidelines range, considered the guidelines range along with the § 3553(a) factors, and thoroughly explained its chosen sentence. See United States v. Carter, 564 F.3d 325, 328-30 (4th Cir. 2009) (reaffirming that sentencing court must make individualized assessment on the record and explain rejection of parties' arguments for sentence outside guidelines range). Moreover, the court sentenced Bates to a sentence below the statutory mandatory minimum based on the Government's motion for a downward departure for Bates' substantial assistance.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Bates, in writing, of the right to petition the Supreme Court of the

3

United States for further review.  If Bates requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Bates.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED